LLOPIS, Appellant, v. MILLS

(March 14, 1927. Opinion and Decree.)

*(Syllabus by the Court)*

1. Louisiana Digest — Obligations — Par. 182, 183.

A judgment ordering specific performance of a contract to do will not be rendered where the terms of the agreement are not clearly proved.

Appeal from the First City Court, Division "B". Hon. Val. J. Stentz, Judge.

Action by Raoul J. Llopis against Sarah Mills.

There was judgment for defendant and plaintiff appealed.

Judgment amended.

Harry McEnerny, of New Orleans, Legier, McEnerny & Waguespack, of New Orleans, attorneys for plaintiff, appellant.

Johnston Armstrong, of New Orleans, attorney for defendant, appellee.

JONES, J.  Plaintiff alleges that defendant verbally agreed on June 28, 1926, to pay him for her husband's funeral one hundred and fifty dollars ($150.00) out of an insurance policy of which she was the beneficiary; that he performed the service tendered her one hundred dollars ($100.00) in cash, dmanded that she endorse a check for two hundred and fifty d llars ($250.00), the proceeds of the insurance policy, which had been turned over to him by the insurance company under her instructions.

After praying for a judgment of one hundred and fifty dollars ($150.00), plaintiff prays that defendant be ordered to endorse the draft, upon receiving from plaintiff one hundred dollars ($100.00) in ca h, less court costs and also for all general and equitable relief.

Defendant, after denying the contract and all indebtedness, admits that plaintiff conducted her husband's funeral; that the insurance company gave plaintiff the draft for two hundred and fifty dollars ($250.00) and that she refused to endorse it.  The answer is sworn to by defendant.

The judge of the lower court gave judgment for one hundred and thirty dollars ($130.00) and plaintiff appealed to this court.  As defendant did not answer the appeal the only questions before us are plaintiff's right to twenty dollars ($20.00) additional and to a judgment ordering plaintiff to endorse the check upon proper cash tender to her.

The judge of the lower court evidently deducted twenty dollars ($20.00) from amount claimed for price of coffin, because he thought that plaintiff had failed to credit defendant with that sum, which had been paid or was payable on account by a benevolent association to which the deceased belonged.  Careful reading of the testimony convinces us that proper credit for this item had been allowed in plaintiff's bill and that the judgment should be amended by increasing the amount allowed to one hundred and fifty dollars ($150.00).

In his brief plaintiff suggests that this court, under her prayer for general relief, should order defendant to endorse the draft, and if she fails to do so in a specified time should authorize plaintiff to endorse her name when depositing the balance due her in the registry of the court.  In support of this contention plaintiff refers us to City of New Orleans, et al., vs. N. O. & N. E. Railroad Co., 44 La. 64, 10 South. 401, and Pratt vs. McCoy, 128 La. 570, 54 South. 1012.

In the case first cited the court held that a decree of specific performance should not be granted unless the terms of the agreement are clearly proved and the duty of defendant clear and unmistakable and readily executed.

Here the evidence as to the agreement is conflicting and the terms of the agreement are not clearly proved.

In the second case cited the court, after stating that specific performance was not favored in law, and that equity would not

compel defendant to deliver paving certificates to plaintiff before construction contracts were completed, even though strict terms of the contract so required, finally ordered the certificates deposited in a bank to be selected by both parties.

As plaintiff cites us to no authority going to the extent he asks, and as our research has proved equally futile, we are constrained to follow the judgment of the lower court. We take this step with less regret, because we do not agree with plaintiff in thinking that he has exhausted other possible methods of collecting his judgment.

For the reasons above assigned, it is now ordered, adjudged and decreed that there be judgment in favor of plaintiff, Raoul Llopis, and against the defendant, Sarah Mills, in the full sum of one hundred and fifty ($150.00) dollars, with legal interest from judicial demand, and all costs of both courts.